IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re:<br><br>**RAMON DIAZ ROSADO**<br><br>Debtor(s) | Case No.: 18-04887 –MCF<br><br>Chapter 13 |

**TRUSTEE'S OBJECTION TO EXEMPTION(S)**

TO THE HONORABLE COURT:

**COMES NOW** Alejandro Oliveras Rivera, Chapter 13 Trustee, through the undersigned attorney, and very respectfully states, alleges and prays as follows:

**INTRODUCTION**

1. The 341 meeting has been scheduled to be held on October 3, 10:00 AM.

2. The captioned Debtor(s) listed in Schedule B the estate property that is described as follows: **100% interest in BPPR savings account** *with an interest of $1.00.*

3. In Schedule "C", the captioned Debtor(s) claimed exemption pursuant to **§522(d) (5)** in the amount of $1.00 over his interest in the above mentioned property of the estate. Trustee objects to the above claim of exemption, further requesting that it be denied in its entirety. As grounds for the foregoing objection, the Trustee submits that: By listing the value of the property at the same amount as the value of the

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 2 of 6
Case No. 18-04887 -MCF

exemption, debtor's exemption can be construed as one "in kind", where debtor's claim of exemption can be construed as an intention to claim the entire value of the savings account with **BPPR**, while exemption under Section 522(d)(5) is limited up to a limited dollar amount.

4. Expanding on trustee's ground for objection as to the "in kind" exemption claimed, it is pointed out that through the exemptions claimed, it is evident that debtors intend to <u>claim as exempt the entire value of the properties</u> mentioned in the above paragraph six (6). This scenario is similar to the example given by Sommers Gretchko in her article **Watch Out for the Putative "In-Kind" Exemption! [1],:**

"The debtor owned interests in three privately held entities, and his Schedule C of "property claimed as exempt" alleged that the "market value" of his interest in each business was $1,000. That *same* Schedule C also listed the "value of the exemption" for the interest in each business at $1,000. Most of the other creditors thought that the debtor was just trying to exempt $1,000 of his interest in each business entity— and they weren't troubled by such small exemptions. However, a handful of creditors were concerned that the debtor's recitation of an *identical* market value and exemption value of his interests in these businesses meant that the debtor was really trying to exempt the *entire* value of the his stock in *each* of the businesses".

5. Ms. Sommers Gretchko lectures that*:*

*"A term of art defines this maneuver: It is called the "in-kind exemption," because the debtor is trying to assert an exemption of an entire asset (not just the exemptible portion thereof). Despite the monetary limits in Bankruptcy Code §522(d), and in many state exemption schemes, debtors who purport to assert an*

---

[1] XXVII, ABI Journal 4, 8 May 2008.

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 3 of 6
Case No. 18-04887 -MCF

*in-kind exemption are attempting to effectively "pull a fast one" by trying to exempt assets in their entirety, while disregarding the statutory dollar limits for the exemption."*

6. The author then speaks of "red flags". *"Creditors must watch for any sign that the debtor is trying to claim an in-kind exemption. The most obvious "red flags" are if debtor's Schedule C (1) lists the market value and the exempt value at identical figures or (2) lists the market value of the asset as "$1.00," "unknown" or "contingent" and the claimed exemption as "100 percent," "contingent," unknown," etc. "* As Chapter 13 Trustee, we too"… *must watch for any sign that the debtor is trying to claim an in-kind exemption."*

7. The essence of our objection is the same as that raised by the author *"…if the identity of the market value and the claimed exemption constituted the debtor's attempt to exempt all of his interests in the businesses (regardless of the value of each business interest), then the exemption must be denied because it runs afoul of the exemption statute."*

8. *"When an individual files for bankruptcy, all of his property…becomes property of the estate. 11 U.S.C. § 541. But the debtor is entitled to claim as exempt, and so retain, some assets. 11 U.S.C. § 522(d). The statute enumerates both what kind of assets may be exempted, e.g. an "interest . . . in one motor vehicle," id. § 522(d)(2), and the maximum value of those*

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 4 of 6
Case No. 18-04887 -MCF

*exemptions, e.g. "not to exceed $2,400 in value, id."* In Re Barroso-Herrans, 524 F.3d. 341 (1st Cir. 2008). *"The threshold question of what has been claimed [exempt] calls for interpreting the schedules filed by the debtors."* Id.

9. *"Use of terms like '100% [of the property's value],' 'unknown,' 'to be determined,' 'tba' and '$1.00' are red flags to trustees and creditors,"* 1 Collier on Bankruptcy *P. 8.06(1)(c)(ii) (15th ed. rev. 2007), and therefore put them on notice that if they do not object, the whole value of the asset--whatever it might later turn out to be--will be exempt."* Id.

10. An important case on this subject, and applicable to the controversy at hand, is found in the case of Schwab v. Reilly, 130 S. Ct. 2652 (2010). In this case, the Supreme Court discussed the importance of balancing the debtor's allowance of exemptions and its impact upon the distribution to creditors:

As we emphasized in *Rousey,* "[t]o help the debtor obtain a fresh start, the Bankruptcy Code permits him to *withdraw from the estate* certain *interests in* property, such as his car or home, *up to certain values.*" 544 U.S., at 325, 125 S.Ct. 1561 (emphasis added). **The Code limits exemptions in this fashion because every asset the Code permits a debtor to withdraw from the estate is an asset that is not available to his creditors.** See § 522(b)(1). Congress balanced the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors (…)" (Emphasis ours).

11. The Supreme Court decision in Reilly is based upon the premise that the debtor's "*schedules of exempt property* ***accurately describes the asset*** *and declares the 'value of [the]*

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 5 of 6
Case No. 18-04887 -MCF

*claim exemption' in that asset to be an amount within the limits that the Code prescribes*". (Emphasis ours).

12. Debtor(s) is not member(s) of the U.S. Armed Forces, the Coast Guard, the Public Health Service or the National Oceanic and Atmospheric Administration, as evidenced by the Certificate issued by the U.S. Department of Defense, copy of which is attached only to the original of this motion and movant's copy.

**WHEREFORE** it is very respectfully requested from this Honorable Court to grant the foregoing objection. Consequently, trustee also requests that the exemption taken in the amount of $1.00 pursuant to Section 522(d)(5) over debtor's interest in BPPR savings account.

**NOTICE:** Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date copy of this document has been served to Debtor at the address of record.

**RESPECTFULLY SUBMITTED.**

TRUSTEE'S OBJECTION TO EXEMPTION(S)
Page 6 of 6
Case No. 18-04887 -MCF

In San Juan, Puerto Rico, this October 1, 2018.

**ALEJANDRO OLIVERAS RIVERA**
CHAPTER 13 TRUSTEE
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521
aorecf@ch13sju.com

By: **/s/OSMARIE NAVARRO MARTINEZ**
OSMARIE NAVARRO MARTINEZ
Staff Attorney
USDC-PR # 222611

Department of Defense Manpower Data Center

Results as of : Oct-01-2018 07:28:46 AM

SCRA 4.9



# Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX-5489 |
| Birth Date: | |
| Last Name: | DIAZ ROSADO |
| First Name: | RAMON |
| Middle Name: | |
| Status As Of: | Oct-01-2018 |
| Certificate ID: | 7GNL6BZ1TDK30KV |

| On Active Duty On Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date ||||

| Left Active Duty Within 367 Days of Active Duty Status Date ||||
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date ||||

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date ||||
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty ||||

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"
Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases
Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.